MEMORANDUM **
Guanzan Jin, a native and citizen of the People’s Republic of China, petitions for review of the Board of Immigration Appeals’ (“BIA”) affirmance of an immigration judge’s (“IJ”) order denying Jin’s application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition.
1. The IJ’s adverse credibility determination, which the BIA expressly adopted, is not supported by substantial evidence. See Li v. Holder, 559 F.3d 1096, 1102 (9th Cir.2009) (substantial evidence standard); Mendez-Mendez v. Mukasey, 525 F.3d 828, 832 (9th Cir.2008) (judicial review limited to BIA decision except to the extent BIA expressly adopts IJ opinion).
The IJ viewed a letter from Jin’s pastor with “great suspicion” because the telephone number listed for the church was the same as the telephone number that Jin provided in his asylum application. Instead of asking Jin to explain why the telephone numbers matched, the IJ engaged in an indirect and largely irrelevant line of questioning focused on whether church business was conducted out of Jin’s home. Because the IJ did not afford Jin an opportunity clarify the perceived ambiguity in the evidence, the IJ could not rely on it as a basis for her adverse credibility determination.[1] See Guo v. Ashcroft, 361 F.3d 1194, 1200 (9th Cir.2004).
The letter also incorrectly stated that Jin had been a deacon at the church since July 2003; however, Jin explained that he had been a member of the church since that time, that he had become a deacon later, and that his pastor had mistakenly conflated the two events. Even if Jin had not offered a reasonable explanation for this error in the letter, it was an invalid basis for an adverse credibility determination because it was only indirectly related to Jin’s asylum.[2] See Li, 559 F.3d at 1106 *452 (issues that do “not go to the heart of his claim [have] little bearing on the veracity of the persecution he describes”).
Nor do the IJ’s other findings constitute substantial evidence supporting an adverse credibility determination. Her finding that it “does not make sense for a Christian” not to be baptized was based on her “personal and overly narrow conception of baptism.” See Cosa v. Mukasey, 543 F.3d 1066, 1070 (9th Cir.2008). The IJ imper-missibly drew adverse inferences from Jin’s failure to obtain corroborating testimony from abroad, see Sidhu v. INS, 220 F.3d 1085, 1091-92 (9th Cir.2000), and she demonstrated a lack of knowledge about how the Chinese calculate age when she incorrectly concluded that Jin’s testimony as to his age conflicted with the birth date listed on his hospital release certificate.
The IJ’s conclusion that Jin had not demonstrated knowledge of his faith is contrary to Jin’s correct answers to each question about Christianity and his detailed descriptions of the faith. The IJ also found inconsistencies in Jin’s accounts of the police raid on his church service and of his hospital stay, where, in fact, the record reveals no meaningful discrepancies in his story. Finally, to the extent that the IJ based her adverse credibility determination on Jin’s demeanor, she failed to provide a specific and cogent reference to non-credible aspects of his demeanor. See Arulampalam v. Ashcroft, 353 F.3d 679, 686 (9th Cir.2003).
2. The BIA erred in concluding that, even if Jin were found credible, he failed to establish that he was a victim of past persecution or has a well-founded fear of persecution. See Mendez-Mendez, 525 F.3d at 832 (legal questions reviewed de novo). Jin’s account of fines, imprisonment, and beatings at the hands of Chinese authorities is sufficient to establish past persecution. See, e.g., Baballah v. Ashcroft, 367 F.3d 1067, 1076 (9th Cir.2004) (cumulative impact of physical assaults and economic harassment compelled finding of persecution). We therefore remand to the BIA for consideration of the remaining issues pursuant to INS v. Orlando Ventura, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).
PETITION GRANTED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. During oral argument, Jin's counsel suggested that the telephone number on the letter actually belonged to a friend of Jin’s who spoke English. It might be reasonable for Jin, who does not speak English, to use an English — speaking friend’s telephone number on all of his documents. While we do not rely upon counsel’s explanation because it is beyond the record, we mention it because it illustrates that, had the IJ provided Jin the opportunity to explain the phone number, Jin may have been able to provide a reasonable explanation.

. Section 101(a)(3) of the REAL ID Act eliminated the requirement that a basis for an adverse credibility determination must go to the heart of an immigrant’s claim of persecution. 8 U.S.C. § 1158(b)(l)(B)(iii). Because *452 Jin filed his application for relief before May 11, 2005, that provision is inapplicable here. See In Re S-B-, 24 I. & N. Dec. 42 (BIA 2006).